DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. The jury found Johnny Groves, defendant below and appellant herein, guilty of gross sexual imposition in violation of R.C. 2907.05(A)(4).[2] Appellant's counsel advised the Court that he has reviewed the record and can discern no meritorious claim on appeal other than the single potential assignment of error set forth below. Thus, under Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, counsel requests, and we hereby grant leave to withdraw. Counsel also assigns the following potential assignment of error for review:
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT JOHNNY GROVES TO FIVE YEARS INCARCERATION FOR GROSS SEXUAL IMPOSITION, A FELONY OF THE THIRD DEGREE."
 {¶ 2} On August 2, 2005, the Highland County Grand Jury returned an indictment charging appellant with gross sexual imposition. After appellant's jury trial and guilty verdict, the trial court sentenced him to serve five years in prison. This appeal followed.
 {¶ 3} Initially, we note that in Anders the United States Supreme Court held that if counsel determines, after a thorough and conscientious examination of the record, that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Furthermore, counsel must accompany the request with a brief that identifies anything in the record that could arguably support the appeal. Id. Counsel must also provide appellant with a copy of the brief and allow him sufficient time to raise any matters that he so chooses. Id. Once these requirements have been satisfied, the appellate court must fully examine the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may either grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case sub judice, appellant's counsel satisfied theAnders requirements and appellant has opted to not file a pro se brief. Accordingly, we will examine counsel's potential assignment of error and the entire record to determine if this appeal lacks merit.
 {¶ 5} Counsel asserts that the trial court erred by imposing a five year prison sentence. In particular, he contends that the trial court misapplied R.C. 2929.14(C) and that appellant's sentence should be reversed. We agree, albeit for different reasons.
 {¶ 6} On February 27, 2006, the day before the trial court's sentencing entry, the Ohio Supreme Court decided State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, and declared R.C. 2929.14(C) unconstitutional. Id. at paragraph one of the syllabus. In the case sub judice, the trial court referred to that statute when it sentenced appellant. Sentences based on statutory provisions deemed unconstitutional must be vacated and the case remanded for re-sentencing. See Foster, supra at ¶ 103.
 {¶ 7} Thus, after our review of appellant's counsel's argument and our review of the record, we agree with counsel's assessment that (1) appellant's sentence must be vacated and that he be resentenced, and (2) no other meritorious issues exist.
 {¶ 8} Accordingly, we hereby sustain appellant's assignment of error, reverse the trial court's judgment and hereby remand this matter for re-sentencing pursuant to the guidelines set for forth inFoster.
JUDGMENT OF SENTENCE REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment of sentence be reversed and this case remanded for resentencing. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. McFarland, J.: Concur in Judgement Opinion
[2] The February 28, 2006 judgment entry states that appellant was convicted of subsection (A)(3) of R.C. 2907.05, rather than subsection (A)(4). This is presumably a typographical error because the January 13, 2006 entry that amended the indictment that specifies the crime is a violation of subsection (A)(4), as does the jury verdict form.